[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court, having heard the evidence, and having considered relevant statutory directives, including Connecticut CT Page 1921 General Statutes Sections 46b-62, 46b-81, and 46b-82, as well as having considered the parties' proposed orders, and their respective positions, including those expressed in oral argument and in their legal briefs, makes the findings and enters the orders hereinafter set forth:
A. Findings
1. The plaintiff whose maiden name is Joan Frances Donovan and whose name next prior to the parties' marriage was Joan Donovan Holme, and the defendant Ted G. Henning were married on June 30, 1978 in Simsbury, Connecticut.
2. The residential jurisdictional prerequisite has been met.
3. No children were issue of the marriage.
4. During the marriage the parties acquired an estate.
5. Neither the State of Connecticut, nor any Connecticut municipality has contributed to the support or maintenance of either party.
6. The parties have considerable education and professional experience.
7. Plaintiff Joan D. Henning has a considerable earning capacity.
8. During the marriage plaintiff Joan Henning commenced and maintained an extra marital affair of substantial duration.
9. The parties' marriage has broken down irretrievably.
B. ORDERS
1. Dissolution of Marriage
The marriage is dissolved, and each party is declared to be single and unmarried. CT Page 1922
2. Disposition of Assets
a. Tangible Personal Property
 Defendant Ted Henning shall have sole ownership of the following items of personalty:
1) all of the Waterford Crystal, 2) all of the Fitz Floyd China, and 3) the Record Album of 45 RPM Records in a white leather album holder entitled Glen Miller — 25 years.
The balance of the tangible personal property listed on defendant's request for property dated January 13, 1992, is awarded to the plaintiff. The plaintiff shall assume exclusive ownership of the remaining items in storage and she shall pay for the cost of storage. Each party shall own exclusively the remaining personal property in his/her possession.
b. Liquid Assets
i] Escrow account held by Attorney T.J Donohue
Plaintiff Joan Henning shall have sole ownership of 60 percent of the funds in the escrow account held by Attorney T.J. Donohue; and defendant Ted Henning shall have sole ownership of 40 percent of the funds in said account.
ii] Other Liquid Assets
Each party shall have exclusive ownership of the remaining assets listed on his or her respective financial affidavit, including TESIP, IRA, and other accounts, as well as his/her respective pension listing.
3. Alimony
Neither party shall be obligated to pay alimony.
4. Counsel Fees
Each party shall be responsible for her/his respective counsel fees and costs.
5. Restoration of Maiden Name CT Page 1923
The court restores to plaintiff Joan D. Henning her maiden name, Joan Frances Donovan, by which she shall hereafter be known.
Clarance J. Jones
Judge